IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTWON MANNING, #M30034, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:23-cv-03743-MAB |
| | ) |
| KARL R. BRADFORD, and | ) |
| DARREN D. GALLOWAY, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

Plaintiff Antwon Manning, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Shawnee Correctional Center ("Shawnee"), filed this civil rights action pursuant to 42 U.S.C. § 1983, claiming that his punishment for a disciplinary infraction violated his constitutional rights (Doc. 1). The Court dismissed Plaintiff's original Complaint without prejudice pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted (Doc. 18).

Plaintiff's timely filed First Amended Complaint (Doc. 19) is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out non-meritorious claims.[1] 28 U.S.C. § 1915A(a). Any portion of the pleading that is legally frivolous, malicious, fails to state a claim for relief,

---

[1] The Court has jurisdiction to screen the Complaint based on Plaintiff's consent to the full jurisdiction of a magistrate judge, and the limited consent by the Illinois Department of Corrections, to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between this Court and the IDOC.

1

or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

## THE FIRST AMENDED COMPLAINT

A review of the First Amended Complaint reveals the following allegations: Plaintiff was sent to investigative segregation on or about November 20, 2022 (Doc. 19, p. 8). He eventually received a disciplinary ticket for an assault, among other charges. Defendant Bradford conducted the hearing on that ticket, which was based on statements from two confidential sources. Plaintiff explained that, according to the ticket, the first source said he witnessed Plaintiff commit an assault on a particular day, and the second source witnessed Plaintiff commit an assault on a different day. Plaintiff argued these could not be considered corroborating statements because the witnesses described events on two different days.

Bradford had Plaintiff step out of the room for a few minutes, and when he called Plaintiff back in, Bradford told him the officer (Horn) who wrote the ticket had written down the dates the sources made their statements. Bradford found Plaintiff guilty and punished him with 19 days of segregation and two months each on C-Grade and B-Grade.

Plaintiff filed a grievance over this outcome, which was denied by Defendant Galloway. However, the disciplinary ticket was ultimately expunged by the Administrative Review Board (Doc. 19, pp. 6, 15).

Plaintiff asserts that Bradford violated his rights by contacting Horn and using his statement to find him guilty without that conversation being recorded as evidence. Further, Bradford abused his authority by finding Plaintiff guilty in spite of his legitimate

argument that the ticket was flawed (Doc. 19, p. 9).

As a result of the guilty finding, Plaintiff served the 19 days in segregation. He then endured 60 days on C-Grade, which caused hunger pains because he was not allowed to buy food at the commissary. He had to deal with the "misery" of not having his TV for the first month; as well as having his phone calls limited to two per month and then zero; going to chow hall in isolation from other housing wings; denial of access to the gym; and being surrounded by constant yelling and arguing that disrupted his sleep (Doc. 19, p. 9). The next 60 days on B-Grade caused additional suffering due to limited commissary food purchases of only $30 per month, and only two phone calls per month (Doc. 19, p. 10). Plaintiff's relationships suffered. Bradford's and Galloway's actions forced Plaintiff to serve punishment for a charge Plaintiff knew was improper.[2]

### DISCUSSION

Based on the allegations in the First Amended Complaint, the Court's designation of the following claim in this *pro se* action remains unchanged:

> **Count 1:** Fourteenth Amendment claim for deprivation of a liberty interest without due process against Defendants for improperly finding Plaintiff guilty of the November 2022 disciplinary charge and requiring Plaintiff to serve his punishment before the charge was expunged.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is**

---

[2] According to Plaintiff's exhibit included with the original Complaint, the expungement was ordered on June 2, 2023, because the Adjustment Committee failed to provide two rationales in its basis for decision, failed to include a minority on the hearing committee, and failed to meet the timeline for the hearing (Doc. 1, p. 8).

**mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[3]

## Count 1

The Court dismissed this claim based on the facts pled in the original Complaint. Plaintiff's allegations in the First Amended Complaint likewise fail to state a viable constitutional claim.

The filing of false, flawed, or erroneous disciplinary charges does not state a Fourteenth Amendment claim when the accused inmate is given a subsequent hearing on those charges in which the inmate is afforded the procedural protections outlined in *Wolff v. McDonnell*, 418 U.S. 539 (1974) (advance written notice of the charge, right to appear before the hearing panel, the right to call witnesses if prison security allows, and a written statement of the reasons for the discipline imposed). *Hanrahan v. Lane*, 747 F.2d 1137, 1140-41 (7th Cir. 1984). Even if the disciplinary hearing failed to comply with these due process protections, the prisoner has no viable due process claim unless the disciplinary action deprived him of a constitutionally protected liberty interest. A plaintiff must show that the conditions of disciplinary segregation imposed an "atypical and significant hardship" on him when compared to the conditions he would have faced in non-disciplinary segregation. *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *see also Wagner v. Hanks*, 128 F.3d 1173, 1175 (7th Cir. 1997). To determine whether a segregation term

---

[3] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

4

was "atypical and significant," the Court looks at the duration of the punitive segregation term as well as the conditions. *Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697-98 (7th Cir. 2009); *see also Sims v. Jester*, No. 23-1779, 2024 WL 3965887, at *3 (7th Cir. Aug. 28, 2024).

In Plaintiff's case, his ticket was expunged because the Administrative Review Board determined that the adjustment committee failed to follow prison administrative rules in the handling of Plaintiff's disciplinary hearing (*see* Doc. 1, p. 8). The reasons for the expungement do not implicate any of the procedural due process protections set forth in *Wolff* above. Therefore, the errors that resulted in the expungement of Plaintiff's charge did not rise to the level of constitutional violations.

As this Court previously determined, the punishments Plaintiff suffered do not amount to unconstitutional deprivations of a liberty interest. The First Amended Complaint does not include any facts to support a different conclusion. A 19-day period in disciplinary segregation, standing alone, is not sufficient to trigger due process protections. *See Marion*, 559 F.3d at 698 ("six months of segregation is not such an extreme term and, standing alone, would not trigger due process rights"); *Lisle v. Welborn*, 933 F.3d 705, 721 (7th Cir. 2019) (no liberty interest where inmate's segregation sentence of four months was not atypical and significantly harsh, the evidence of conditions of confinement--including rust on bars and corroded feces in toilet--did not allow reasonable inference that conditions were unique to cells in segregation, that they caused significant hardship, or that they exacerbated plaintiff's mental health crisis); *Kervin v. Barnes*, 787 F.3d 833, 837 (7th Cir. 2015) (inmate's allegations failed to implicate a liberty interest where he "was placed in segregation for at most 30 days and, more importantly,

5

[did] not allege that he suffered any significant psychological or other injury from it."); *Means v. Larson*, 580 F. App'x 481, 482 (7th Cir. 2014) ("Means's segregation term of just over one month, by itself, did not implicate a liberty interest") (collecting cases); *Sims*, No. 23-1779, 2024 WL 3965887, at *3 (7th Cir. Aug. 28, 2024) (the expungement of a disciplinary ticket does not mean that the disciplinary hearing failed to satisfy minimal procedural requirements; further noting that three months of segregation, without more, is not an atypical and significant hardship). Here, Plaintiff's First Amended Complaint does not describe any hardship, let alone an atypical or significant hardship, imposed by the conditions he faced during the 19 days he spent in segregation. Therefore, Plaintiff's short stint in segregation does not implicate due process protections in this case, and the First Amended Complaint fails to state a constitutional claim based on that punishment.

Plaintiff's amended pleading gives more detail on the deprivations he suffered during the two-month period he was demoted to C-Grade as well as his two months on B-Grade. Nonetheless, neither of those grade demotions amounts to a constitutional deprivation. *Thomas v. Ramos*, 130 F.3d 754, 762 n.8 (7th Cir. 1997) (prisoners do not have a protectable liberty interest in demotion to C-grade and loss of commissary privileges); *Id.* at 760 (prisoner has no liberty interest in remaining in general population).

Accordingly, Count 1 still fails to state a claim upon which relief may be granted. Count 1 and this entire case will be dismissed.

## DISPOSITION

For the reasons stated above, Plaintiff's First Amended Complaint (Doc. 19), and this case, are **DISMISSED with prejudice** for failure to state a constitutional claim upon

6

which relief may be granted. All pending motions are **DENIED AS MOOT**. The Court counts the dismissal of this action as one of Plaintiff's three "strikes" within the meaning of 28 U.S.C. § 1915(g).

Plaintiff has already had one opportunity to amend his Complaint, after the Court explained why he failed to state a viable claim (Doc. 18). The First Amended Complaint likewise fails to state a claim upon which relief may be granted. Accordingly, the Court finds that any further amendment of Plaintiff's due process claim in this action would be futile. *See Always Towing & Recovery, Inc. v. City of Milwaukee*, 2 F.4th 695, 707 (7th Cir. 2021) (court may deny leave to amend if it is clear that any amendment would be futile); *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013); *Garcia v. City of Chicago*, 24 F.3d 966, 970 (7th Cir. 1994). The dismissal of this case is with prejudice and without leave to amend.

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll (suspend) the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. If the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike."

A motion for leave to appeal *in forma pauperis* ("IFP") must set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome

7

of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

**IT IS SO ORDERED.**

**DATED: September 11, 2024**

/s/ Mark A. Beatty
**MARK A. BEATTY**
**United States Magistrate Judge**